**EDWARD R. SCHWARTZ, CA Bar No. 147553**
**ers@cph.com**
**DAVID A. DILLARD, CA Bar No. 97515**
**dad@cph.com**
**CHRISTIE, PARKER & HALE, LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
WORLD ORGANIZATION d/b/a RESCUE ME

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD ORGANIZATION d/b/a RESCUE ME,<br><br>Plaintiff,<br><br>vs.<br><br>I-5 PUBLISHING, LLC,<br><br>Defendant. | Case No. 2:14-cv-07085<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CANCELLATION OF TRADEMARK APPLICATIONS** |

Plaintiff World Organization d/b/a Rescue Me for its complaint against Defendant I-5 Publishing, LLC states as follows:

**NATURE AND STATUTORY BASIS OF ACTION**

1. This is an action for infringement of unregistered trademarks under 15 U.S.C.§1125; unfair competition under the common law of California; and for cancellation of federal trademark applications.

**THE PARTIES**

2. World Organization d/b/a Rescue Me ("Rescue Me"), is a Virginia non-profit corporation and 501(c)(3) public charity, having its principal place of business at 3001 Salem Road, Watkinsville, Georgia 30677.

3. On information and belief, Defendant, I-5 Publishing, LLC ("Defendant"), is a Delaware corporation having a place of business at 500 N. Brand Blvd., Glendale, California.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Rescue Me's common law claims pursuant to 28 U.S.C. § 1367.

5. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides in this judicial district.

6. Venue is proper in the District pursuant to 28 U.S.C. § 1391 since Defendant resides in this District and has committed one or more of the acts complained of herein within this District.

**BACKGROUND**

7. Rescue Me provides animal adoption and animal rescue services. In particular, Rescue Me is a well-known public charity that offers adoption services for animals, arranges for animals from shelters to be placed in homes, provides animal rescue services, offers an online searchable database featuring information about animal shelters, and provides an online publication at www.rescueme.org relating to animal rescue and adoption services.

8. All of Rescue Me's services and products are offered under Rescue Me's trademarks: RESCUE ME!, RESCUEME.ORG, and its stylized PAW logo. Rescue Me's RESCUE ME!, RESCUME.ORG, and PAW logo are prominently displayed on the home page of Rescue Me's website, www.rescueme.org. (Excerpt shown below).




[Rescue Me's trademarks that consist of or incorporate the term RESCUE ME and/or its PAW logo are referred to herein as the "RESCUE ME Trademarks."] The RESCUE ME trademarks have been used continuously in commerce in connection with animal rescue and adoption services since 1999 either by Rescue Me or its predecessors in interest.

9. Individuals in the animal rescue and adoption community consider Rescue Me's website to be the premier website for animal adoption and rescue services. Such individuals, which include operators of prominent animal shelters and veterinarians, identify the RESCUE ME Trademarks with Rescue Me and its animal and rescue services offered via www.rescueme.org. Over 210,000 animals posted on Rescue Me's website have been adopted, over 10,000 people have sent in personal testimonial letters describing some of these adoptions and over 850,000 people are current subscribers to Rescue Me's online publications, services, and website. Over 30,000 people at over 12,000 rescue groups and animal shelters have used Rescue Me's services and products.

10. Rescue Me's website regularly serves over 150,000 page views per day and is one of the most visited nonprofit organization websites in the world. According to Compete, Inc., as of August 26, 2014, www.rescueme.org ranks #4,951 of all websites in the world with over 450,000 unique monthly visitors. Based upon Compete, Inc. statistics, Rescue Me receives more unique visitors per

month than many other famous charity websites, such as Nature Conservancy, World Wildlife Fund, Greenpeace, and Amnesty International. Rescue Me's successful website has been registered and used for animal adoption and rescue services since 1999. See Whois highlighted excerpt below).

Whois Record ( last updated on 2014-08-27 )

```
Domain Name:RESCUEME.ORG
Domain ID: D7403057-LROR
Creation Date: 1999-06-22T03:19:44Z
Updated Date: 2014-08-24T14:31:43Z
Registry Expiry Date: 2015-06-22T03:18:57Z
Sponsoring Registrar:eNom, Inc. (R39-LROR)
Sponsoring Registrar IANA ID: 48
WHOIS Server:
Referral URL:
Domain Status: clientTransferProhibited
Registrant ID:cfea8c05270f8b03
Registrant Name:Internet Administrator
Registrant Organization:World Organization
Registrant Street: 3001 Salem Road
Registrant City:Watkinsville
Registrant State/Province:GA
Registrant Postal Code:30677
Registrant Country:US
```

11. Rescue Me has expended considerable sums of money using, promoting, and advertising the products and services which it has provided under the RESCUE ME Trademarks. As a result of such use, advertisement, and promotion and as a consequence of Rescue Me's reputation as the leading provider of animal adoption and rescue services, tremendous goodwill has been created in Rescue Me's RESCUE ME Trademarks.

12. Rescue Me's distinctive RESCUE ME Trademarks and the goodwill of the business associated with them are of inestimable value to Rescue Me.

13. Rescue Me is the owner of the following Federal trademark applications covering the RESCUE ME Trademarks:

a. 86/331,516 for RESCUE ME! for use in connection with "Non-downloadable electronic publications in the nature of

articles in the field of animal rescue and adoption; providing a website featuring non-downloadable publications in the nature of articles and brochures in the field of animal rescue and adoption; community outreach services provided to pet owners, namely, providing information, news, and commentary in the field of animal rescue and adoption; providing information in the fields of animal and pet rescue and adoption for educational or entertainment purposes;"

b. 86/331,532 for RESCUE ME! for use in connection with "Providing an online searchable database featuring information about animal shelters and animals for rescue or adoption; animal rescue services;"

c. 86/351610 for RESCUEME.ORG for use in connection with "Non-downloadable electronic publications in the nature of articles in the field of animal rescue and adoption; providing a website featuring non-downloadable publications in the nature of articles and brochures in the field of animal rescue and adoption; community outreach services provided to pet owners, namely, providing information, news, and commentary in the field of animal rescue and adoption; providing information in the fields of animal and pet rescue and adoption for educational or entertainment purposes;"

d. 86/351621 for RESCUEME.ORG for use in connection with "Providing an online searchable database featuring information about animal shelters and animals for rescue or adoption; animal rescue services;"

e. 86/340691 for PAW logo for use in connection with "Non-downloadable electronic publications in the nature of articles

in the field of animal rescue and adoption; providing a website featuring non-downloadable publications in the nature of articles and brochures in the field of animal rescue and adoption; community outreach services provided to pet owners, namely, providing information, news, and commentary in the field of animal rescue and adoption; providing information in the fields of animal and pet rescue and adoption for educational or entertainment purposes;" and

f. 86/340701 for PAW log for use in connection with "Providing an online searchable database featuring information about animal shelters and animals for rescue or adoption; animal rescue services."

True and correct copies of the U.S. Patent and Trademark Office online status pages for Rescue Me's aforementioned trademark applications are attached hereto as Exhibit A, and are incorporated by reference as though fully set forth herein.

**DEFENDANT'S INFRINGING ACTIVITY**

14. Defendant launched its www.rescuemecentral.com website and RESCUE ME magazine in 2014. Like Rescue Me, Defendant provides services and publications relating to animal and adoption services. Unlike Rescue Me, however, Defendant is not a public charity. Defendant offers its services and products to make a profit. Defendant operates several other websites and publications unrelated to animal adoption for profit, including www.cigarandspirits.com, www.autorestorer.com, www.ratrodmagazine.com, just to name a few.

15. Rescue Me recently discovered that Defendant, without Rescue Me's consent, adopted and used the marks RESCUE ME, RESCUEMECENTRAL.COM, and RESCUE ME PRO in connection with Defendant's services, publications, website www.rescuemecentral.com and

Facebook page https://www.facebook.com/rescuememagazine. [Defendant's RESCUE ME, RESCUEMECENTRAL.COM, and RESCUE ME PRO marks are referred to collectively herein as the "Knockoff RESCUE ME Marks."]

16. On information and belief, Defendant adopted the Knockoff RESCUE ME Marks with knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off the fame of Rescue Me and its highly distinctive RESCUE ME Trademarks. Excerpts from Defendant's website displaying the Knockoff RESCUE ME Marks are shown below.






17. Defendant's use of the Knockoff RESCUE ME Marks is virtually identical, and therefore confusingly similar, to Rescue Me's RESCUE ME Trademarks. The services and products offered under Defendant's Knockoff RESCUE ME Marks are the same as and/or related to some of the services and products provided by Rescue Me. Both Rescue Me and Defendant offer their services and products through the same channel of trade, i.e., the internet. Defendant's RESCUE ME Marks therefore create a false suggestion of an affiliation or connection between Defendant and Rescue Me, where none exists.

18. Defendant also copied Rescue Me's use of its PAW logo used in conjunction with the Knockoff RESCUE ME Trademarks in an attempt to trade off the fame of Rescue Me and cause confusion among consumers. A side-by-side comparison between excerpts from Rescue Me's and Defendant's respective websites utilizing the RESCUE ME marks in conjunction with the PAW logo is shown below.

Rescue Me! SM

RescueMe.Org SM

**Rescue Me's Distinctive RESCUE ME Trademark with PAW Logo**




**Defendant's Knockoff RESCUE ME Trademark with PAW Logo**

19. Defendant's use of the Knockoff RESCUE ME Marks has caused actual confusion among individuals in the animal rescue and adoption community relating to the sources of Defendant's services and publications.

20. Because Rescue Me's RESCUE ME Trademarks and Defendant's Knockoff RESCUE ME Marks are nearly identical, the services and products are nearly identical, the channels of trade are identical, and the targeted markets are identical, actual consumer confusion and irreparable harm to Rescue Me inevitably follows. By hijacking traffic from Rescue Me's website and capitalizing on Rescue Me's established trademarks and reputation in the animal rescue and adoption community, Defendant will cause widespread confusion in the marketplace, a decrease in advertising and donation income to Rescue Me; a decrease in successful animal adoptions through RescueMe.org, and will damage the goodwill of Rescue Me.

21. Defendant recently applied on an intent-to-use basis to register the Knockoff RESCUE ME Marks with the United States Patent and Trademark Office ("PTO") in International Class 16. True and correct copies of the PTO online status page for each of Defendant's applications are attached hereto as Exhibit B, and is hereby incorporated by reference as though set forth in full herein. Rescue Me has opposed registration of the trademarks which are the subject of these applications.

22. Shortly after discovering Defendant's infringing activities, Rescue Me gave Defendant notice of Rescue Me's trademark rights. Despite Rescue Me's good faith attempts to settle this matter, Defendant continues to use the Knockoff RESCUE ME Marks.

23. Defendant's use of the Knockoff RESCUE ME Marks constitutes a willful attempt to trade on Rescue Me's valuable reputation and goodwill in flagrant disregard of Rescue Me's rights. As such, this case is exceptional within the meaning of 15 U.S. C. § 1117.

**COUNT I**

**INFRINGEMENT OF AN UNREGISTERED TRADEMARK UNDER 15 U.S.C. § 1125**

24. Plaintiff repeats and incorporates herein Paragraphs 1-23 of this Complaint.

25. Notwithstanding Rescue Me's prior-established use and rights in its RESCUE ME Trademarks, and without the authorization of Rescue Me, Defendant has adopted used one or more of the RESCUE ME Marks in commerce and in connection with the sale, offering for sale, distribution and/or advertising of animal rescue and adoption services and products.

26. Defendant's Knockoff RESCUE ME Marks are virtually identical to Rescue Me's RESCUE ME Trademarks in appearance, sound, meaning, and commercial impression. Defendant's products services are the same as and/or closely related to some of Rescue Me's services. Both Rescue Me and Defendant offer their services through the same channel of trade, i.e., the internet.

27. Defendant's use of the Knockoff RESCUE ME Marks in connection with the sale, offering for sale, distribution and/or advertising of animal rescue and adoption services and products has caused and will continue to cause confusion or mistake, and/or deception as to the affiliation, connection and/or association with Rescue Me and its RESCUE ME Trademarks, or as to the origin, sponsorship or approval of Defendant's products and services by Rescue Me, in violation of 15 U.S.C. § 1125, and infringes Rescue Me's rights in its RESCUE ME Trademarks.

28. Defendant's infringement of Rescue Me's RESCUE ME Trademarks is detrimental to the goodwill and business reputation symbolized by Rescue Me's RESCUE ME Trademarks.

29. Defendant's acts alleged herein were committed willfully and with knowledge that such unauthorized use of the RESCUE ME Marks would cause confusion, or cause mistake, or deceive purchasers to believe that Rescue Me sponsored, endorsed, or authorized Defendant's products or services. Thus, a finding of an exceptional case within the meaning of 15 U.S.C. § 1117 is warranted. Rescue Me is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action as well as prejudgment interest.

30. Defendant's willful and deliberate infringement of Rescue Me's RESCUE ME Trademarks has caused and continues to cause Rescue Me immediate and irreparable injury and will continue to damage Rescue Me and deceive the public unless enjoined by this court.

31. Rescue Me has no adequate remedy at law as monetary damages are inadequate to compensate Rescue Me for the injuries caused by Defendant.

**COUNT II**

**COMMON LAW UNFAIR COMPETITION**

32. Plaintiff repeats and incorporates herein Paragraphs 1-31 of this Complaint.

33. Defendant's acts alleged herein and specifically Defendant's use of the Knockoff RESCUE ME Marks, infringe Rescue Me's exclusive trademark rights in the RESCUE ME Trademarks, in violation of the common law of California.

34. Defendant's acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Rescue Me's RESCUE ME Trademarks, business, reputation, and goodwill. Rescue Me has no adequate

remedy at law as monetary damages are inadequate to compensate Rescue Me for the injuries caused by Defendant.

35. As a result of Defendant's acts as alleged above, Rescue Me has incurred damages in an amount to be proven at trial.

36. Defendant's wrongful use of the RESCUE ME Marks is deliberate, willful, and in reckless disregard of Rescue Me's trademark rights, entitling Rescue Me to the recovery of punitive damages.

**COUNT III**

**CANCELLATION OF THE TRADEMARK APPLICATIONS**

37. Plaintiff re-alleges and incorporates herein Paragraphs 1-36 of this Complaint.

38. On July 3, 2013, Defendant filed Trademark Application Serial No. 86/002,618 to register RESCUE ME with the PTO. On March 24, 2014, Defendant filed Trademark Application Serial No. 86/230,450 to register RESCUE ME CENTRAL.COM with the PTO. On August 22, 2014, Defendant filed Trademark Application Serial No. 86/258,943 to register RESCUE ME PRO with the PTO. Each of these applications include a declaration signed by Attorney Michelle L. Visser on behalf of Defendant which declarations include in applicable part:

> The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form as in such near resemblance as to be likely, when used on or in connection

with the goods/services of such other person, to cause confusion or mistake, or to deceive.

39. The declaration signed by Defendant in support of its referenced trademark applications further states that the signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 10001, and that such willful statements and the like may jeopardize the validity as to application.

40. The declarations signed under oath by Defendant in support of its referenced trademark applications were knowingly and willfully false since Defendant was aware of Plaintiff's long-term and extensive use of its RESCUE ME marks as of the dates Defendant filed the referenced applications. Consequently, Defendant's applications should be cancelled and denied registration. Further, Plaintiffs should be awarded its damages, including attorney's fees incurred as a result of Defendant's false or fraudulent applications pursuant to 15 U.S.C. §§ 1119 and 1120 as well as the general power of the Court.

**PRAYER FOR RELIEF**

Rescue Me prays for the following relief:

1. Judgment confirming that Rescue Me's RESCUE ME Trademarks are valid and are owned by Rescue Me.

2. Judgment that Defendant infringed Rescue Me's RESCUE ME Trademarks and that such infringement was willful.

3. Judgment that Defendant competed unfairly with Rescue Me by using the RESCUE ME Marks.

4. A declaration that Defendant's applications to register the trademarks RESCUE ME, RESCUEMECENTRAL.COM, and RESCUE ME

PRO are void ab initio and ordering the Registrar of Trademarks to cancel the applications.

5. Judgment that Defendant and its officers, agents, servants, employees, attorneys and all persons in active concert and/or participation with them who receive notice be preliminarily and permanently enjoined and restrained from using any mark identical or confusingly similar to any of Rescue Me's RESCUE ME trademarks, or any colorable imitations thereof including but not limited to "RESCUE ME," "RESCUEMECENTRAL.COM," "RESCUE ME PRO" in connection with the advertising, offering for sale and/or sale of Defendant's services and/or products;

6. Judgment that Defendant be directed to file in Court, and to serve on Rescue Me, within thirty (30) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

7. Judgment that Defendant be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, all prints, advertisements, forms, letterhead, business cards, and any other articles in its possession bearing "RESCUE ME," "RESCUEMECENTRAL.COM," or "RESCUE ME PRO," or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, screens or other means of making the same.

8. Judgment that any internet domain names containing "RESCUEME" owned by Defendants be transferred to Recue Me.

9. Judgment that Defendant be liable:

(a) For all profits received by Defendant from the sale of goods or services resulting from Defendant's use of any of the Knockoff RESCUE ME trademarks, and

(b) For actual damages sustained by Rescue Me on account of Defendant's infringement and unfair competition, and that such damages be trebled and punitive damages be assessed.

10. Judgment that this case is exceptional and that Rescue Me be awarded its reasonable attorneys' fees and taxable costs, and such other and further relief to Rescue Me as the Court deems meet and just.

DATED: September 10, 2014

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/ Edward R. Schwartz
Edward R. Schwartz
Attorneys for Plaintiff,
WORLD ORGANIZATION d/b/a RESCUE ME

LLB PAS1316705.1-*-09/10/14 6:40 PM